2019 UT App 26

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
EUGENE STEVEN MCNAIR,
Appellant.

Opinion
No. 20170504-CA
Filed February 22, 2019

Third District Court, Salt Lake Department
The Honorable Royal I. Hansen
No. 061903216

Ann M. Taliaferro, Attorney for Appellant

Sean D. Reyes and Erin Riley, Attorneys for Appellee

JUDGE MICHELE M. CHRISTIANSEN FORSTER authored this Opinion, in which JUDGES DAVID N. MORTENSEN and DIANA HAGEN concurred.

CHRISTIANSEN FORSTER, Judge:

¶1 Eugene Steven McNair pleaded guilty to rape, was sentenced to prison, and did not appeal his conviction or sentence. Nearly a decade later, McNair filed a motion to have the time to file his direct appeal reinstated. The district court concluded that McNair failed to establish that he was prevented in any meaningful way from commencing a timely appeal after he was sentenced. He appeals that decision, and we affirm.

## BACKGROUND

¶2 In 2006, the State charged McNair with rape, forcible sodomy, and forcible sexual abuse. In November of that year,

shortly before trial was scheduled to begin, McNair and the State entered into a plea agreement. That is, McNair agreed to plead guilty to rape and, in exchange, the State agreed to dismiss the two remaining charges.

¶3     In support of the plea agreement, McNair signed a plea statement indicating he understood and acknowledged having been advised of the facts and the rights set forth in that statement. In the signed document, McNair admitted to having sex with the victim without the victim's consent and that his actions constituted rape. McNair accepted that, by pleading guilty, his right to a direct appeal would be limited and that he understood that an appeal of the sentence needed to be filed within thirty days after entry of his sentence. Further, McNair stated that he entered the plea voluntarily and "of [his] own free will and choice."

¶4     At the change-of-plea hearing, the district court asked McNair's defense counsel if he had "discussed [the change of plea]" and "gone over the statement of defendant" with McNair. Defense counsel responded that he had done both. Counsel also stated, "McNair does not read, but I did read the document to him. We covered it twice, once . . . yesterday and once today." Defense counsel then affirmed that he was satisfied that McNair understood the meaning and effect of the guilty plea.

¶5     The court asked McNair directly whether he understood "what is being proposed here," and McNair responded, "Yes." McNair further affirmed that he discussed the plea agreement with his counsel and that defense counsel had gone over the written plea statement with him. Finally, McNair acknowledged that defense counsel had read the written plea statement to him and that McNair understood its terms. The court accepted McNair's guilty plea to rape, finding that he entered the plea knowingly, voluntarily, and of his own free will.

¶6 In January 2007, the court sentenced McNair to five years to life in prison. After imposing the sentence, the court did not again advise McNair of his right to appeal or the time limit in which to file such an appeal. *See* Utah R. Crim. P. 22(c)(1).

¶7 In 2016, McNair filed a motion requesting reinstatement of his time to file a direct appeal.[1] The district court denied McNair's motion and he appeals.

## ISSUE AND STANDARDS OF REVIEW

¶8 McNair contends the district court erred when it denied his motion to reinstate the time to file a direct appeal. We review for correctness the district court's legal conclusion that McNair was not unconstitutionally deprived of his right to appeal. *See State v. Kabor*, 2013 UT App 12, ¶ 8, 295 P.3d 193. But we "give deference to its underlying factual findings," and will not overturn them absent clear error. *Id.*

## ANALYSIS

¶9 Rule 4(f) of the Utah Rules of Appellate Procedure allows a defendant who has been unconstitutionally deprived of the right to appeal to have his appellate rights reinstated. "If the trial court finds by a preponderance of the evidence that the defendant has demonstrated that the defendant was deprived of the right to appeal, it shall enter an order reinstating the time for

---

1. In his motion McNair also requested, in the alternative, that the court correct an illegal sentence. *See* Utah R. Crim. P. 22(e). McNair does not appeal the district court's decision on his illegal-sentence argument.

appeal." Utah R. App. P. 4(f). Such a remedy may be appropriate in situations where

> (1) the defendant asked his or her attorney to file an appeal but the attorney, after agreeing to file, failed to do so; (2) the defendant diligently but futilely attempted to appeal within the statutory time frame without fault on defendant's part; or (3) the court or the defendant's attorney failed to properly advise defendant of the right to appeal.

*Manning v. State*, 2005 UT 61, ¶ 31, 122 P.3d 628 (citations omitted). McNair argues that *Manning*'s third scenario applies here. He contends that he was not properly advised by his counsel or the court of his right to appeal.[2] *See id.*

---

2. McNair makes two other related arguments. He contends that relief should be available under circumstances—not otherwise enumerated in *Manning v. State*, 2005 UT 61, 122 P.3d 628— "where, as here, a defendant seeks advice and counsel from his attorney, but is unable to obtain that advice due to trial counsel's complete unwillingness to further communicate with the client." He also argues that, due to intellectual disabilities, he could not file a timely notice of appeal. Neither of these situations fit into the three enumerated *Manning* scenarios. *See id.* ¶ 31. More to the point, McNair's claimed circumstances do not establish that he had been "prevented in some meaningful way from proceeding" with an appeal within thirty days of his sentencing, so we decline to extend the reach of *Manning* to encompass the more general circumstances he alleges here. *See id.* ¶ 26; *see also State v. Collins*, 2014 UT 61, ¶ 31, 342 P.3d 789 (observing that the "use of the term 'deprived'" in *Manning* "was crucial because the word encompasses a narrow range of situations where a defendant would have appealed, but had that right taken away or was kept

(continued…)

¶10 As our supreme court has explained, a defendant who relies on the third *Manning* scenario "must show: (1) that neither the court nor counsel properly advised [him] of [his] right to appeal, *and* (2) that 'but for' this failure [he] would have filed an appeal." *State v. Collins*, 2014 UT 61, ¶ 29, 342 P.3d 789 (emphasis added).[3]

---

(…continued)
from the possession, enjoyment, or use of that right" (quotation simplified)); *State v. Nicholls*, 2017 UT App 60, ¶ 52, 397 P.3d 709 (stating in dicta that, where "trial counsel promised their assistance on the direct appeal, but after sentencing, went dark," this allegation "could broadly encompass *Manning* relief directed at a sentencing appeal" (quotation simplified)). While McNair's intellectual disabilities do not bring him under *Manning* for purposes of a direct appeal, we note that the Post-Conviction Remedies Act (the PCRA) accounts for incapacity-related delays in filing a PCRA petition and may toll the limitations period during a petitioner's incapacity. *See* Utah Code Ann. § 78B-9-107(3) (LexisNexis Supp. 2018).

3. McNair has the burden of establishing, by a preponderance of the evidence, that any error in advising him of his right to appeal was prejudicial. *See Collins*, 2014 UT 61, ¶ 29. That is, he must show both that he was not properly advised of his right to appeal and that "'but for' this failure [he] would have filed an appeal." *Id.* The parties here acknowledge that neither the sentencing court nor counsel advised McNair, at sentencing, of his right to an appeal and the time limit in which to file. The State argues, however, that McNair was properly advised of the right to appeal in the earlier plea statement that McNair signed and acknowledged he understood. Because we conclude that McNair has not carried his burden of establishing prejudice as a result of any alleged error, we do not analyze whether the court

(continued…)

¶11 McNair has not established prejudice resulting from any failure of the court or counsel to advise him properly of the right to appeal. That is, he has not shown that but for any failure to properly advise him of his right to appeal, he would have commenced an appeal. *See id.* When it denied McNair's motion to reinstate the time to file a direct appeal based upon the facts in the record, the district court concluded that McNair failed to present any evidence that he would have appealed "but for" any error. The court observed that McNair had not alleged nor demonstrated that he would have appealed his sentence had he been properly informed of his right to appeal. Defendant therefore failed to "establish that something outside of his control prevented him in some meaningful way from proceeding" to file an appeal. *Id.* ¶ 28 (quotation simplified).

¶12 In this appeal, as below, McNair does not direct us to any evidence to show that he would have filed an appeal from his sentence in 2007 had he been informed of his right to appeal at sentencing. Instead, he contends that, after sentencing, he "didn't know what to do." McNair also asserts that after his sentencing he and his family sought "answers to questions" from defense counsel, but counsel would not speak to him or them. These vague assertions, without more, do not establish that McNair would have timely appealed his sentence had he been informed properly of his right to do so.

---

(…continued)

and counsel, under the circumstances here, failed to properly advise him of his right to appeal. *See id.* We emphasize, however, that following the imposition of a sentence our rules require the district court to complete the relatively easy task of advising "the defendant of defendant's right to appeal, the time within which any appeal shall be filed and the right to retain counsel or have counsel appointed by the court if indigent." Utah R. Crim. P. 22(c)(1).

¶13 Further, McNair has not established that he—or others on his behalf—attempted to contact McNair's defense counsel in time to proceed with a timely appeal. Indeed, McNair does not point to any evidence in the record to demonstrate the dates or even the general timeframe he attempted to contact his defense counsel after sentencing. Additionally, McNair has not supported his argument with any record evidence to show that his disability or his attorney's "going dark" effectively prevented him from proceeding with a timely appeal. *See Manning*, 2005 UT 61, ¶ 1 ("[C]riminal defendants who fail to file a notice of appeal within the required time period are presumed to have knowingly and voluntarily waived this right and thus have the burden to prove otherwise by establishing that one of the exceptions defined in this case applies."). Consequently, we are not persuaded that the district court erred when it denied his motion to reinstate the time to file a direct appeal.

## CONCLUSION

¶14 McNair has not established that he was prejudiced by any failure of the court or his counsel to properly inform him of his right to file a direct appeal. Because McNair fails to meet this burden, we affirm the district court's denial of his motion to reinstate the time to file an appeal.

————